Joseph F. BARANEK, Plaintiff-Appellant,

v.

Harry L. REESE, doing business as Universal Construction Company, Defendant-Appellee.

No. 13419.

United States Court of Appeals Seventh Circuit.

March 1, 1962.

Maurice M. Tulchinsky, South Bend, Ind., Charles W. Applegate, Indianapolis,

Ind., Lloyd M. Allen, South Bend, Ind., Harry S. Taylor, South Bend, Ind., Jack Wysoker, Perth Amboy, N. J., for appellant.

James E. Rocap, Jr., Indianapolis, Ind., Rocap, Rocap & Reese, Indianapolis, Ind., of counsel, for appellee.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Joseph F. Baranek, plaintiff, appeals from a judgment of the district court in favor of plaintiff and against Harry L. Reese, doing business as Universal Construction Company, defendant, following its overruling of plaintiff's motion for a new trial.

The verdict in this personal injury action was for $2800 and the judgment ordered that the amount thereof be paid to the insurance carrier, which was subrogated to the amount of $4593.27. In contending that the damages allowed were inadequate, plaintiff's argument in this court is based entirely in an attack upon the second and third paragraphs of instruction 28 given by the court:

"Under the rule of proximate cause, the Plaintiff's alleged injuries, losses and expenses must be caused by the Defendant's alleged negligent acts of commission and omission; that is, they must follow the negligent act in unbroken sequence, without any intervening independent cause to break the continuity. It is sufficient if the alleged damages claimed legitimately flowed naturally from the alleged negligence, whether such damages might have been foreseen by the wrong doer or not.

"If you find that any of Plaintiff's alleged injuries, losses and expenses were proximately caused by the negligence, if any, of his own doctor in the care and treatment of Plaintiff following the incident in question, then I instruct you that you cannot award damages in this case against this Defendant for that portion of such injuries, losses and

expenses so caused by such doctor, and you can award Plaintiff damages in this case, if any, for such of the alleged injuries, losses and expenses that you find were proximately caused by this Defendant. But, if you find that there was no intervening proximate cause of such alleged damages, you will assess such damages proximately caused by Defendant's alleged negligence against the Defendant in accordance with the evidence and these instructions.

"If you find that any portion of Plaintiff's alleged injuries, losses and expenses, if any, are caused by the disease of arthritis, which the Plaintiff does not claim to have been caused by the incident in question, then I instruct you that you cannot assess damages for such arthritic injuries, losses and expenses against this Defendant."

First, he says that this instruction "was error in limiting a recovery because of negligence of any physician who treated plaintiff". However, when an opportunity was presented to plaintiff's counsel to make observations pertaining to the instructions offered that might need some correction, his counsel told the district court, as to the second paragraph of instruction 28, the following:

"* * * wherein the Court gives the instruction relative to the negligence of the attending physician, which counsel does not believe is in the evidence, and feels that that would be rather misleading."

We have examined the transcript of the evidence and find that such evidence was actually in the record. Therefore, the objection was not well taken.

We are puzzled by the court's giving of the last paragraph of instruction 28. According to the complaint, plaintiff was not claiming injuries flowing from arthritis. However, a medical witness for plaintiff did testify that he found arthritic conditions. No effort was made by plaintiff, however, to base his claim for damages on this testimony, and why this paragraph was in the instruction we do not understand. However, we do not see how its presence could have affected the verdict.

We find no error in the matters urged upon us and, for that reason, the judgment of the district court is affirmed.

Judgment affirmed.